**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**THOMAS MARSHALL SULLIVAN**                                    **PLAINTIFF**

**V.**                              **3:09CV0009 JMM**

**GARY PRINCE, d/b/a**
**PRINCE CONSTRUCTION**                                    **DEFENDANT**

**ORDER**

Pending is the Plaintiff's Motion for Partial Summary Judgment.  The Defendant has

responded and the Plaintiff has replied.  For the reasons set forth below, the Motion is

GRANTED.

I.      Facts

Plaintiff filed suit on January 22, 2009 against Gary Prince d/b/a Prince Construction

("Prince") and Bryan and Sara Kidd (the "Kidds") for copyright infringement.  Plaintiff creates,

publishes and sells architectural house designs and plans and owns the copyright to many of his

house plans.  Plaintiff's house plans are published in various books and on internet web sites.

Plaintiff claims in his Complaint that in 2007 he became aware that the Defendants had

violated his copyright to Plan 1429, the Tranquility Plan, by printing it from the web site

www.houseplans.com, filing it with the City of Paragould permitting office, and building a house

using the Plan.  Plaintiff alleges that the Defendants, without knowledge or intent, violated 17

U.S.C. §§106(1), 106(2), 106(3) and 101.  In the alternative, Plaintiff alleges that the Defendants

willfully violated these statutes.  Plaintiff seeks lost profits or statutory damages, attorneys fees,

and injunctive relief.

In May 2009, the Court was informed that Plaintiff had settled his claims with the Kidds.

In July 2009, Prince dismissed without prejudice his cross claim against the Kidds. Accordingly,

the Kidds were dismissed from this suit.  Prince is the only remaining defendant.

In his Motion for Partial Summary Judgment against Prince, Plaintiff asks the Court to find that his copyright to the Tranquility Plan is valid and that Prince had access to the Tranquility Plan.  Plaintiff further seeks the Court's verification of the availability of statutory damages and attorneys fees under the relevant statute.  Prince responds that he did not have "access" to the Plan.  He was not the general contractor for the Kidds' home.  He merely framed the house and did some of the finish work.  Prince has provided the Court with affidavits from Bryan Kidd and Sara Kidd wherein they explain that they printed the Tranquility Plan from the internet and attached the Plan to the building permit which they filed with the Paragould permitting office.  (Def.'s Ex. 1, Bryan Kidd Aff.; Def.'s Ex. 2, Sara Kidd Aff.).  Mr. Kidd states that Prince did not "copy, scan, or reproduce" the Tranquility Plan.  Mr. Kidd admits that he met with Prince at the house site in the initial stages of construction and "directed Gary Prince where to place the corners of the property and marked off the location for the walls.....using the plaintiff's plan as a guide."  (Def.'s Ex. 1, Brian Kidd Aff.).

II.    Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

III.     Discussion of the Law

The Copyright Act, 17 U.S.C. §§ 101 *et seq.*, protects architectural works. 17 U.S.C. § 102(a)(8). To establish a claim of copyright infringement, Plaintiff must prove that he owned a valid copyright and that the original elements of the copyrighted material were copied. *Rottlund Co. v. Pinnacle Corp.,* 452 F.3d 726, 731 (8th Cir. 2006). "Copying may be established (1) by direct evidence or (2) by showing that the defendants had access to the copyrighted materials and showing that substantial similarity of ideas and expression existed between the alleged infringing

3

materials and the copyrighted materials." *Id.*(citing *Hartman v. Hallmark Cards, Inc*., 833 F.2d 117, 120 (8th Cir. 1987).

A.   <u>Valid Copyright</u>

"A certificate of copyright registration issued by the copyright office constitutes prima facie evidence of the validity and ownership of the copyright." *Nelson Design Group, LLC v. Puckett,* 2009 WL 2254902 at *1 (E.D. Ark. 2009)(citing *United Tel. Co. Of Missouri v. Johnson Publ'g Co., Inc.,* 855 F.2d 604, 607 (8th Cir. 1988)).  Plaintiff has provided the Court with the copyright certificate issued by the U.S. Registrar of Copyrights on February 4, 2002 for the Tranquility Plan 1429 (Pl's Ex. 2). and the graphic work that was deposited with the copyright registration for the Tranquility Plan (Pl.'s Ex. A).  *See also* Pl.'s Ex. 4, Dec. of Steve Vatter.  Therefore, the Court finds that Plaintiff owns a valid copyright in Tranquility Plan 1429.

B.   <u>Access</u>

Plaintiff has no direct evidence that Prince copied the Tranquility Plan.  However, Plaintiff contends that Prince had access to the Tranquility Plan based upon (1) Prince's admission that he had a "sketch" of the plan he used to frame the Kidds' house; (2) the Kidds' admission that they used the Tranquility Plan to build their house; and (3) Prince's failure to provide the Court with any evidence of a non-copyrighted sketch which he could have used to frame the Kidds' house.

A plaintiff can establish access by showing that the defendant had an "opportunity to view or to copy" the copyrighted work.  *Moore v. Columbia Pictures Ind., Inc.,* 972 F.2d 939, 942 (8th Cir. 1992).  A plaintiff must prove that the defendant had a "reasonable possibility" of viewing the copyrighted work, not just a "bare possibility of access."  *Id.*  "Access can also be

4

proven by showing that a third person with creative input for Defendant has had access to the copyrighted work." *J.R. Lazaro Builders, Inc. v. R.E. Ripberger Builders, Inc*., 883 F.Supp. 336, 342 (S.D. Ind. 1995)(citing 3 Nimmer on Copyright § 13.02[C], at 13-27 (1994)).  Bryan Kidd stated in his affidavit that he used the Plaintiff's Plan when he met with Prince to lay out the corners of the property and mark off the location for the walls of the home.  Although Mr. Kidd also states that Prince did not "copy or reproduce" the Plan, it is a reasonable possibility that Prince had the opportunity at that meeting with Kidd to view or to copy Plaintiff's Plan.  Therefore, the Court finds that Prince had "access" to the copyrighted material.

      C.    <u>Remedies</u>

"A party that infringes a copyright can be held liable for (1) the copyright owner's actual damages, plus the profits made by the infringer in using the copyrighted work; or (2) statutory damages.  The copyright owner elects whether to seek actual damages or statutory damages." *Nelson Design Group*, 2009 WL 2254902 at *2 (citing 17 U.S.C. § 504(a), (c); *Jackson v. Sturkie,* 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003)).  Plaintiff may elect to seek statutory damages from Prince if he prevails.

The Court has discretion to determine the amount of statutory damages.  "Among the factors to consider in determining the amount of statutory damages are: (1) the revenues that the plaintiff lost as a result of the defendant's infringement; (2) the licensing expenses the defendants saved by infringing; (3) the profits the defendants gained by infringing; and (4) the infringer's state of mind." *Id.* at 3. "[T]he award may be reduced to not less than $200 if the court finds that the infringer was not aware and had no reason to believe that his or her acts constituted an infringement." *Id. (*citing 17 U.S.C. § 504(c)(2)).

D.      <u>Attorneys' Fees</u>

Pursuant to 17 U.S.C. § 505, the Court in its discretion may award a reasonable

attorney's fee to the prevailing party.  17 U.S.C. § 505.

IV.      <u>Conclusion</u>

Plaintiff's Motion for Partial Summary Judgment (Docket # 26) is GRANTED.  The

Plaintiff owns a valid copyright in the Tranquility Plan 1429.  Defendant Prince had "access" to

the copyrighted material.

IT IS SO ORDERED this 20th day of January, 2010.

_____
James M. Moody
United States District Judge